UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TOTAL QUALITY LOGISTICS, LLC,

    Plaintiff,

v.

    Case No.: 1:18-cv-353

TARPON TRANSPORTATION
SERVICES, INC.,

    Defendant.

                                              /

**NOTICE OF REMOVAL OF ACTION BY
DEFENDANT TARPON TRANSPORTATION SERVICES, INC.**

Defendant, Tarpon Transportation Services, Inc. ("**Tarpon**"), by counsel and pursuant 28 U.S.C. §§ 1441 and 1446, hereby removes the civil action entitled *Total Quality Logistics, LLC v. Tarpon Transportation Services, Inc.*, pending in the Court of Common Pleas of Clermont County, Ohio (the "**State Court**"), Case No. 2018-CVH-00638 (the "**State Action**"), to the United States District Court for the Southern District of Ohio, Western Division.

    1.    On or about April 23, 2018, plaintiff Total Quality Logistics, LLC ("**TQL**") filed a Complaint for Injunctive Relief and Damages (the "**Complaint**") in the State Court to initiate the State Action. On or about April 27, 2018, the Summons and Complaint were received by Tarpon. True and correct copies of the Summons and Complaint are attached as **Exhibit 1**. The Summons and the Complaint constitute "all process, pleadings, and order served upon" Tarpon in the State Action. *See* 28 U.S.C. § 1446(a). Tarpon has not served or filed any pleadings, nor made any appearance or argument, in the State Action.

    2.    Tarpon has timely filed this notice of removal within thirty days of receipt of the Summons and Complaint. 28 U.S.C. § 1446(b).

3. The State Action is removable pursuant to 28 U.S.C. § 1441 because it is a civil action over which the United States District Court for the Southern District of Ohio has original diversity jurisdiction under 28 U.S.C. § 1332(a).

4. Complete diversity of citizenship existed at the time the State Action was commenced and continues to exist. In the Complaint, TQL alleges that it is an Ohio limited liability company, *see* Complaint, ¶ 8, and upon information and belief all of TQL's members are citizens of the State of Ohio. Tarpon is a Florida corporation, with its principal place of business in Tampa, Florida, and thus it is a citizen of the State of Florida.

5. In the Complaint, TQL alleges that Tarpon, through TQL's former employee, David R. Minnis ("**Minnis**"), has misappropriated trade secrets in violation of the Ohio Uniform Trade Secrets Act and that Tarpon has intentionally interfered with TQL's employment agreement (the "**Agreement**") with Minnis and is unfairly competing with TQL.

6. TQL does not allege a specific amount of damages in the Complaint, but demands that judgment be entered in its favor for (a) injunctive relief "for one year from the Court's final Order," *see* Complaint ad damnum at ¶A; (b) compensatory and punitive damages and attorney fees of a maximum cumulative total of $70,000.00; (c) prejudgment interest; and (d) costs and expenses incurred in connection with this litigation, including reasonable attorney's fees.

7. If a plaintiff does not set forth a specific amount of damages in excess of $75,000, a defendant need not prove to a legal certainty that the actual amount in controversy exceeds $75,000, but the defendant must show that "more likely than not," the claim exceeds the federal amount in controversy requirement. *Gafford v. Gen. Co.*, 997 F.2d 150, 158 (6th Cir. 1993), *overruled on other grounds by Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1191, 175 L.Ed.2d 1029 (2010). Tarpon can establish that TQL's claims exceed the federal amount in controversy

requirement because (i) TQL does not ascribe any value to the injunctive relief sought by the Complaint, and (ii) the Complaint is ambiguous as to whether attorney's fees are included in TQL's computation of the total amount in controversy.  When combined with the alleged damages of $70,000, either of these is sufficient to establish that the amount in controversy exceeds the $75,000 jurisdictional minimum.

8. Though TQL does not attribute any value to the injunctive relief sought in the Complaint, a close reading of the Complaint reveals that it is worth not less than $40,000. (Clearly, the injunctive relief and protection of TQL's purported confidential information and trade secrets has *some* value to TQL, or TQL would not have sought an injunction against Tarpon.)  The value of the injunction is distinct from the compensatory damages sought by TQL, as compensatory damages would compensate TQL from the damages allegedly incurred *in the past* by Tarpon's alleged use of TQL's confidential information or trade secrets, not the *ongoing or future* damage to TQL that will allegedly occur if Tarpon, through Minnis, continues to utilize the information.  *See, e.g., Hritz v. United Steel Workers of Am.*, Ohio App. 12th Dist., 2003-Ohio-5284, ¶42 ("Injunctive relief . . . is a preventive remedy, designed to guard against future injury rather than to afford redress for wrongs already suffered."). The request for damages and the request for injunctive relief are each a separate "object" of the litigation, and valuing them separately does not double-count any component of the value of the case.

9. If the injunction is valued from Tarpon's perspective, the loss of Minnis' services as an independent contractor would cause annual lost profits of no less than $75,000 to Tarpon. This approach would result in an amount in controversy of at least $145,000 (not including attorney's fees; see below).

10. If the injunction is valued from TQL's perspective, it is worth at least $40,000. The Complaint reveals as much, because it alleges that Minnis left his employment with TQL on July 22, 2016, *see* Complaint at ¶11, and that as of the filing of the complaint on April 23, 2018—twenty-one months later, almost to the day—TQL had been damaged in the amount of $70,000. Simple arithmetic ($70,000 divided by 21) establishes that TQL has alleged that the misappropriation of its trade secrets has produced $3333 in damages per month. Given that the Complaint seeks future injunctive relief for twelve months, *see* Complaint ad damnum at ¶A, the value of the twelve-month injunction from TQL's perspective is $40,000 ($3333 per month times 12 months). Valuing the injunction with this approach would result in an amount in controversy of at least $110,000 (not including attorney's fees; see below). (If TQL's claim for $70,000 in damages covers a period of less than twenty-one months, then the value of twelve months of future injunctive relief is even more than $40,000.)

11. Attorney's fees may be included in determining the amount in controversy for purposes of diversity if the fees are provided for by contract or where a statute mandates or expressly allows the payment of such fees. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007).

12. While Tarpon denies any entitlement of TQL to attorney's fees, TQL seeks an award of attorney's fees in the Complaint. It is unclear whether TQL contends that the Agreement provides the basis for an award of attorney's fees (notwithstanding the fact that Tarpon is not a party to the Agreement) or whether TQL seeks fees under the Ohio Uniform Trade Secrets Act. Section 1333.64(C) of the Ohio Revised Code provides that the court may award reasonable attorney's fees to the prevailing party on a claim brought under the Ohio Uniform Trade Secrets Act if "willful and malicious misappropriation exists." TQL has alleged

4

that Tarpon's conduct was willful and malicious. See Complaint, ¶ 57. Because the Ohio Uniform Trade Secrets Act allows for a recovery of attorney's fees, those amounts must be included in calculating the amount in controversy for purposes of diversity.

13. From the allegations of the Complaint, the "reasonable attorney's fees" referenced in section D of the ad damnum clause are in addition to the compensatory and punitive damages and attorney fees sought in section B of the same clause, and are in addition to the injunctive relief sought in section A of the same clause. Inasmuch as it would seem unlikely that the "reasonable attorney's fees" sought in section D are less than $5000, the face of the Complaint establishes an amount in controversy in excess $75,000.00, even when counting only the monetary damages and attorney's fees. When the value of the injunctive relief is added, the face of the Complaint establishes an amount in controversy of at least $115,000. This Court therefore has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1).

14. This notice of removal is filed by Tarpon, the sole defendant named in the Complaint.

15. Because the State Action is pending in Clermont County, removal to this Court and the Western division is proper pursuant to 28 U.S.C. § 1441(a) (establishing right to remove), 28 U.S.C. § 115(b)(1) (Clermont County is within Southern District of Ohio, Western Division), and S.D. Ohio Civ.R. 82.1(b) (Clermont County cases assigned to Western Division at Cincinnati).

16. As required by 28 U.S.C. § 1441(d), written notice of the filing of this notice of removal will be served on TQL, the only adverse party, simultaneously with its filing. In addition, Tarpon is concurrently filing a copy of this notice of removal in the State Court.

17. Also attached to this notice of removal are the following documents: civil cover sheet (Exhibit 2); supplemental civil cover sheet for removed cases (Exhibit 3); corporate disclosure statement (Exhibit 4).

WHEREFORE, defendant Tarpon hereby gives notice and removes this action to the United States District Court for the Southern District of Ohio, Western Division, and the State Court shall proceed no more.

Dated: May 22, 2018

Respectfully submitted,

BUSH ROSS, P.A.
Post Office Box 3913
Tampa, FL 33601
(813) 224-9255
(813) 223-9620 – Fax

By: /s/ Kathleen L. DiSanto

Kathleen L. DiSanto, Esquire
Florida Bar No. 58512
kdisanto@bushross.com
*Attorneys for Tarpon Transportation, Services, Inc.*
*(pro hac vice forthcoming)*

/s/ Jeffrey M. Nye
Jeffrey M. Nye (0082247)
STAGNARO, SABA
& PATTERSON CO., L.P.A.
2623 Erie Ave., Cincinnati, OH 45208
(513) 533-6714
(513) 533-6711-fax
jmn@sspfirm.com
*Trial Attorney for Tarpon Transportation Services, Inc.*

## **CERTIFICATE OF SERVICE**

  I certify that a copy of the foregoing was served on counsel for TQL by email, and through the Court's CM/ECF system.

               */s/ Jeffrey M. Nye*
               Jeffrey M. Nye (0082247)