**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Total Quality Logistics, LLC,

      Plaintiff,                                     Case No. 1:18cv353

      v.                                           Judge Michael R. Barrett

Tarpon Transportation Services, Inc.,

      Defendant.

## OPINION & ORDER

This matter is before the Court upon Defendants' Motion to Dismiss. (Doc. 4). Plaintiff has filed a Response in Opposition (Doc. 15) and Defendant filed a Reply (Doc. 19).

### I.    BACKGROUND

Plaintiff Total Quality Logistics ("TQL") is an Ohio limited liability company which provides freight brokerage services throughout the United States. (Doc. 15-1, Marc Bostwick Aff. ¶ 3). Plaintiff has its headquarters in Ohio. (Id.) Defendant Tarpon Transportation Services, Inc. is a Florida corporation with its headquarters in Tampa, Florida. (Doc. 4-1, Stiehl Decl. ¶¶ 5, 8).

This case arises out of a Confidentiality Agreement and Restrictive Covenant (the "Agreement") between Plaintiff and a former employee, David Minnis.[1] Plaintiff

---

[1]The Agreement provides:

Restrictive Covenant. During employment with the Company, and for a period of one (1) year immediately following termination of his employment, whether voluntarily or involuntarily, by wrongful discharge or for any other reason whatsoever, the Employee shall not (directly or indirectly, either as an individual on his own account or as a partner, joint venture, employee, agent, salesman,

terminated Minnis on July 22, 2016. (Doc. 2, ¶ 11, PAGEID# 77). Minnis worked for Plaintiff for a period of time between eighteen and twenty-six weeks. (Doc. 15-1, Marc Bostwick Aff. ¶ 7). Minnis is a Florida resident and has been a Florida resident since 2004. (Doc. 4-2, David Minnis Decl. ¶¶ 3-4). In March of 2018, Minnis, through his company, Doc M. LLC, began working as an independent contractor for Defendant. (Minnis Decl. ¶ 7). Doc M. LLC is a Florida limited liability company. (Minnis Decl. ¶ 6). Minnis is the manager and sole member of Doc M. LLC. (Id.) Plaintiff claims that Minnis breached the terms of the Agreement by working for Defendant.

Plaintiff brings claims for misappropriation of trade secrets under the Ohio Uniform Trade Secrets Act (Count I); and intentional interference with contract and unfair competition (Count II). Plaintiff seeks punitive damages and injunctive relief. Plaintiff originally filed its claims in Clermont County Court of Common Pleas. Defendant removed to this Court.

Defendant moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(2) based on lack of personal jurisdiction; and alternatively, if the Court determines that it has personal jurisdiction over Tarpon, Defendant seeks an order transferring venue to the Middle District of Florida, Tampa Division. Defendant also

---

contractor, officer, director, stockholder, or otherwise) contact, solicit or accept business from, render any services, give assistance to or accept any compensation from any Customer or customer prospect of the company. A customer prospect is any business, company, individual, partnership or entity, including former Customers, with which the Company or any of its employees, including but not limited to the Employee, had contact for the purpose of soliciting business, developing a business relationship, or discussing existing or potential services of the Company within the twelve (12) months immediately preceding the Employee's termination or cessation of employment.

(Doc. 2-1, PAGEID# 91).

moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because the Complaint fails to state a claim for relief.

## II. ANALYSIS

Federal Rule of Civil Procedure 12(b)(2) provides that a defendant may seek dismissal if the court lacks personal jurisdiction over that defendant. "The party seeking to assert personal jurisdiction bears the burden of demonstrating that such jurisdiction exists." *Schneider v. Hardesty*, 669 F.3d 693, 697 (6th Cir. 2012) (quoting *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002)). In the face of a supported motion to dismiss, the plaintiff may not rest on his pleadings, but must, by affidavit or otherwise, set forth specific evidence supporting jurisdiction. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citing *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 930 (6th Cir. 1974)). When a court considers a motion to dismiss pursuant to Rule 12(b)(2) without an evidentiary hearing, as this Court does here, the plaintiff "'need only make a prima facie showing of jurisdiction.'" *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (quoting *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002) (internal citation omitted). The plaintiff can make this prima facie showing by "'establishing with reasonable particularity sufficient contacts between [the Defendant] and the forum state to support jurisdiction.'" *Neogen Corp.*, 282 F.3d at 887 (quoting *Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987)).

"Under Ohio law, personal jurisdiction over non-resident defendants is available only if (1) the long-arm statute confers jurisdiction and (2) jurisdiction is proper under the Federal Due Process Clause." *Conn v. Zakharov*, 667 F.3d 705, 712 (6th Cir. 2012) (citing *Kauffman Racing Equip., L.L.C. v. Roberts*, 126 Ohio St.3d 81, 930 N.E.2d 784, 790

3

(2010); *Goldstein v. Christiansen*, 70 Ohio St.3d 232, 638 N.E.2d 541, 543 (1994)).

Under Ohio's long-arm statute, a court "may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:"

(1) Transacting any business in this state;

. . .

(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;

Ohio Rev. Code § 2307.382(A).

Under Ohio's long-arm statute, the term "transacting any business" has been given broad interpretation. *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.*, 53 Ohio St.3d 73, 75, 559 N.E.2d 477 (Ohio 1990). "The word 'transact' used in the long-arm statute is broader than the term 'contract' and embraces in its meaning 'to carry on business' and 'to have dealings.'" *Franklin Prods., Inc. v. Gen. Nutrition Corp.*, No. 2:05-CV-1061, 2007 WL 2462665, at *4 (S.D. Ohio Aug. 27, 2007) (quoting *Mustang Tractor & Equip. Co. v. Sound Envt'l Serv., Inc.*, 727 N.E.2d 977, 981 (Ohio Com. Pl. 1999)). In determining what constitutes "transacting business," courts typically consider two factors: (1) whether the defendant initiated the "business dealing," and (2) whether the parties conducted their negotiations in Ohio or with terms affecting Ohio. *Thomas v. Dykstra*, 309 F. Supp. 3d 480, 484 (N.D. Ohio 2018) (citing *Shaker Constr. Grp., LLC v. Schilling*, 2008 WL 4346777, at *3 (S.D. Ohio 2008)).

Here, Defendant did not initiate any business dealing with an Ohio resident. Minnis is not an Ohio resident. Defendant has never had any contractual relationship with Plaintiff. (Stiehl Decl. ¶ 10). Defendant's five employees and three independent

4

contractors are all residents of Florida. (Id. ¶9). Defendant's customer base is almost exclusively based in Florida or the Southeast. (Id. ¶6). While some of Defendant's customers have offices or branch locations in Ohio, none of its customers have their primary places of business in Ohio. (Id. ¶ 6).

Plaintiff explains that in the past 36 months, Defendant has brokered thirty-four loads of freight to Ohio. (Doc. 17-4). Plaintiff also explains that Defendant's business documents show at least one customer in Minster, Ohio. (Doc. 17-2, PAGEID# 259).

Defendant responds that while their customers are not located in Ohio, they have shipped freight for their customers into Ohio and out of Ohio. Defendants explain that the thirty-four loads identified by Plaintiff were less than a quarter of a percent of the total loads brokered by Defendant. (Doc. 19, Second Stiehl Decl., ¶¶ 4, 7). Defendant also explains that the one customer in Ohio who appears in its business records is actually a personal friend who needed a car moved to Ohio. (Doc. 17, Eric Stiehl Dep. at PAGEID# 226-227).

Plaintiff is essentially asking the Court to find that it has personal jurisdiction over Defendant because its customers—who are not located in Ohio—have customers who are located in Ohio. Even though "transacting business" is to be construed broadly, the Court concludes that Ohio's long-arm statute does not apply to confer jurisdiction over Defendant in this case based on the location of Defendant's customer's customers. Nor does the long-arm statute confer jurisdiction based on a single customer located in Ohio with whom Defendant has conducted minimal business.

Plaintiff argues that Defendant is subject to jurisdiction in this Court under Ohio Revised Code § 2307.382(A)(6). Specifically, Plaintiff argues that Defendant has caused

5

tortious injury in this state by using Plaintiff's trade secrets. Plaintiff relies on this Court's decision in *Total Quality Logistics, LLC, v. Cornelius Leasing System, Inc.*, 2018 WL 1891354 (S.D. Ohio 2018), which was another lawsuit filed by Plaintiff alleging misappropriation of trade secrets. In *Cornelius*, this Court found that based on the record before it, Plaintiff had established that this Court had personal jurisdiction over one of the defendants under Ohio Revised Code § 2307.382(A)(6). *Id*. at *5. This Court explained:

> Ohio law holds that a non-resident defendant should "reasonably have expected that some person would be injured" within Ohio in circumstances where the defendant has disclosed an Ohio company's confidential information. *See Maui Toys, Inc. v. Brown*, 2014-Ohio-583, at ¶ 53 (Ohio Ct. App.) (citing *Clark v. Connor*, 695 N.E.2d 751, 755 (Ohio 1998)).

*Id*. at *4. In *Cornelius*, Plaintiff presented an affidavit which specifically explained how a former employee had participated in a scheme with the defendants which resulted in Plaintiff's trade secrets and other confidential information being provided to the defendants. *Id*. The affidavit also explained how that information was being used by the defendants. *Id*.

The affidavit Plaintiff has presented in this case does not contain similar facts which would establish personal jurisdiction. The only statements in the affidavit which refer to Defendant are as follows:

> 18. After Minnis' employment with Covar ended, he became employed with Tarpon Transportation Services, Inc. ("Tarpon").
>
> 19. On April 23, 2018, TQL filed this lawsuit against Tarpon.
>
> 20. Minnis is still working for Tarpon providing brokerage service, but allegedly is doing so as an independent contractor, either directly or indirectly through a limited liability company that Minnis set up, apparently as an attempt by Minnis and Tarpon to circumvent the Agreement.
>
> 21. Pursuant to the Agreement, Minnis was not to compete with TQL for one year after his termination from TQL. However, Minnis has never fully

honored the terms of the Agreement.

(Doc. 15-1). Missing from these statements is any statement that Defendant has disclosed an Ohio company's confidential information.

However, Plaintiff also argues that by employing Minnis, Defendant has tortuously interfered with the Agreement between Plaintiff and Minnis. Federal district courts have generally "taken a broad approach" to the application of Ohio Rev. Code § 2307.382(A)). *Schneider v. Hardesty*, 669 F.3d 693, 700 (6th Cir. 2012). However, based on the record before it, there is little to establish that by employing Minnis, Defendant reasonably might have expected that some person would be injured in Ohio. Moreover, Plaintiff has not established that jurisdiction is proper under the Federal Due Process Clause.

The Sixth Circuit has a three-part test for determining whether due process permits the exercise of personal jurisdiction over a defendant:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675, 680 (6th Cir. 2012) (quoting *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).

"This 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous' or 'attenuated' contacts or of the 'unilateral activity of another party or third person.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (internal citations omitted). Purposeful availment is satisfied when, "the defendant's contacts with the forum state proximately result from actions by the defendant himself that create a substantial

7

connection with the forum State, and when the defendant's conduct and connection with the forum are such that he should reasonably anticipate being haled into court there." *Bridgeport Music, Inc. v. Still N The Water Publishing*, 327 F.3d 472, 478 (6th Cir. 2003) (internal quotations omitted) (quoting *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1263 (6th Cir. 1996)). Purposeful availment does not exist in this case. Minnis is a Florida resident. Minnis had not been employed by Plaintiff for more than eighteen months when he became employed by Defendant. In the interim, Minnis was employed by another company. There is nothing in the record to establish that Defendant should have reasonably anticipated being haled into court in Ohio. In addition, "mere injury to a forum resident is not a sufficient connection to the forum." *Walden v. Fiore*, 571 U.S. 277, 290, 134 S. Ct. 1115, 1125, 188 L. Ed. 2d 12 (2014).

Because the Court concludes that the purposeful availment requirement has not been met, this Court lacks personal jurisdiction over Defendant. *See LAK, Inc. v. Deer Creek Enter.*, 885 F.2d 1293, 1303 (6th Cir.1989) ("The plaintiff having failed to pass the 'purposeful availment' test, we need not dwell on the other criteria of *Mohasco Industries*; each criterion represents an independent requirement, and failure to meet any one of the three means that personal jurisdiction may not be invoked.").

### III. CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that Defendants' Motion to Dismiss (Doc. 4) is **GRANTED**; and Plaintiffs' Complaint is dismissed without prejudice. *Accord Intera Corp. v. Henderson*, 428 F.3d 605, 621 (6th Cir. 2005).

**IT IS SO ORDERED.**

                                */s/ Michael R. Barrett*
                                JUDGE MICHAEL R. BARRETT